IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | Cause No. CV 04-01-H-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| DR. JONES; DR. RANTZ; | ) | |
| DR. RAMAKRISHNA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On August 12, 2003, Plaintiff Michael Ellenburg filed this civil rights action under 42 U.S.C. § 1983. At that time, Ellenburg was a state prisoner proceeding pro se. He was released from prison during the course of this action, but he is once again a state prisoner. He has proceeded pro se at all times.

Several matters are pending before the Court. First, on April 18, 2005, the Court gave Plaintiff Ellenburg a deadline of May 31, 2005, to provide a current address at which Defendant Dr. Jones could be personally served. Ellenburg failed to respond to that Order.

Second, on February 8, 2006, the Court granted a motion filed by Defendants Rantz and Ramakrishna to compel Ellenburg to respond

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

to their discovery requests.  Ellenburg was ordered to respond to all of the requests, although he did not have to respond to Interrogatory No. 20 if he produced evidence showing that he was required to abstain from consuming alcohol as a condition of his release.  He was also ordered to show cause why he should not be required to pay the Defendants' reasonable expenses in bringing the motion.  Ellenburg did not respond.  On March 24, 2006, Rantz and Ramakrishna moved for sanctions for Ellenburg's failure to comply with the Court's Order to respond to the discovery requests.

Third, on March 24, 2006, Rantz and Ramakrishna moved for summary judgment.  Along with the motion, they filed a brief in support, a Statement of Uncontroverted Facts, and the notice required by D. Mont. L.R. 56.2 and <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc).  On March 29, 2006, Ellenburg objected to the motions for summary judgment and for sanctions.  He did not submit any evidence.

Fourth, on March 27, 2006, Ellenburg filed a document titled "motion for court assistance."

The analysis below first considers Defendant Jones' status, then addresses Ellenburg's motion for "assistance" before turning to the motion for summary judgment.  Given the recommended resolution of the motion for summary judgment and Ellenburg's failure to submit any evidence in response to the motion, the Court will not address Rantz and Ramakrishna's motion for sanctions,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

except as to Ellenburg's failure to show cause why he should not be required to pay the Defendants' reasonable expenses in connection with their motion to compel.

## I. Defendant Jones

"So long as the prisoner has furnished ... sufficient information to serve" a defendant, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995), the Court will "issue and serve all process" on behalf of a forma pauperis litigant, see 28 U.S.C. § 1915(d).  Fed. R. Civ. P. 4(m) provides that a defendant must be served within 120 days of the filing of the pleading.  In order to accommodate the prescreening process, the Court extends this time in cases where a prisoner is proceeding pro se and in forma pauperis.

Here, however, Ellenburg did not respond to the Court's Order giving him until May 31, 2005, to locate and provide an address for Defendant Jones.  Service simply cannot be effected.  Jones should be dismissed.

## II. Ellenburg's Motion for "Court Assistance"

On January 23, 2004, Ellenburg requested an extension of time to amend his complaint.  He explained that an attorney, former Montana Supreme Court Justice Terry N. Trieweiler, had expressed interest in representing him but first needed to resolve issues arising as a result of his previous role in adjudicating claims

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

similar to Ellenburg's.  The extension was denied and Ellenburg filed his Amended Complaint pro se on April 15, 2004.

On October 19, 2004, Ellenburg filed a motion for appointment of counsel.  It was denied because Ellenburg failed to include a certificate of service, though he was advised of that requirement by Order dated July 26, 2004 (Court's doc. 11 at 4, ¶ 5).[1] Ellenburg did not re-file the motion with a certificate of service.

Now, after Rantz and Ramakrishna have moved for summary judgment, and nearly a year after his motion for counsel was denied, Ellenburg requests "court assistance" in pursuing his claims.  He claims that "[w]hen this matter was originally filed, it was a simple representation of facts, wherein, Mr. Ellenburg, who is terminally ill with hepatitis 'C,' was not receiving treatment for a sexually transmitted disease as required by code and law."  Pl.'s Mot. for Court Assistance (Court's doc. 39) at 1. He also asserts that "the information required is beyond Mr. Ellenburg's level of understanding, and his ability to provide

---

[1] Ellenburg should also be familiar with this basic rule from at least some of his other cases in this Court.  See Ellenburg v. Chase, No. CV 96-122-M-CCL (D. Mont. filed Aug. 1, 1996); Ellenburg v. Mahoney, No. CV 97-211-M-LBE (D. Mont. filed Dec. 17, 1997); Ellenburg v. Chase, No. CV 01-35-M-DWM (D. Mont. filed Feb. 15, 2001); Ellenburg v. Erickson, No. CV 03-38-H-DWM (D. Mont. filed July 24, 2003); Ellenburg v. Mahoney, No. CV 04-62-M-JCL (D. Mont. filed Apr. 9, 2004); Ellenburg v. Mahoney, No. CV 04-116-M-JCL (D. Mont. filed June 22, 2004); Ellenburg v. Gunderson, No. CV 06-59-M-JCL (D. Mont. filed April 6, 2006); Ellenburg v. Powell, No. CV 06-61-M-JCL (D. Mont. filed April 13, 2006).

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

accurate answers." <u>Id</u>. at 2.  He also claims that Mr. Trieweiler and another attorney "refused representation ... when it was time for them to file motions to the court." <u>Id</u>. at 1.

It is not entirely clear what Ellenburg asks of the Court.  He knows how to file a motion for counsel.  He has already filed one in this case.  He has also filed such motions in other cases.  <u>See, e.g., Ellenburg v. Erickson</u>, No. CV 03-38-H-CSO (D. Mont. motions for counsel filed Oct. 19, 2004, and Jan. 11, 2005).  Presumably, therefore, he seeks some other action.  However, the Court cannot give legal advice.  Moreover, the assistance that must be given to pro se litigants has either already been given, <u>see</u> Order of Jan. 8, 2004 (Court's doc. 5), at 3-6 (permitting plaintiff to amend complaint to allege facts in support of deliberate indifference element), or, in the case of the precept that pro se pleadings must be liberally construed, assistance is ongoing.  The Court is not aware of other action it must take.

Moreover, the reasons Ellenburg offers in support of "assistance" do not bear scrutiny.  Ellenburg's obligation to respond to discovery is not beyond his level of understanding.  All he was required to do was to set forth his claims and evidence in detail.  Nor has Ellenburg been misled or disadvantaged in any way by the attorneys whom he contacted about his case.  Neither has made any appearance in this case, even though Ellenburg contacted Mr. Trieweiler as long ago as 2003.  Ellenburg has consistently

filed documents on his own behalf, a clear indication that he does not mistakenly believe himself to be represented by counsel. Finally, even if the Court were to very liberally construe Ellenburg's motion as one for counsel, the motion would be denied. Ellenburg did not make a rule-compliant request for appointed counsel until after Rantz and Ramakrishna moved for summary judgment, and he did not attempt to produce any evidence in support of his claims, despite having received the notice required by D. Mont. L.R. 56.2 and <u>Rand v. Rowland</u>, 154 F.3d 952, 960-61 (9th Cir. 1998) (en banc).  He has not shown the required combination of probable success on the merits and inability to proceed pro se.

## IV. Rantz and Ramakrishna Motion for Summary Judgment

### A. Ellenburg's Allegations

Ellenburg alleges that his Eighth Amendment right to adequate medical care is being violated by the Defendants' refusal to treat him for the symptoms of hepatitis C or for the disease itself.  He contends that Dr. Jones and Dr. Rantz have made decisions to deny treatment based on lack of funds, in deliberate indifference to his serious medical need, and that Dr. Rantz's new treatment program does not adequately serve all persons with the disease.  <u>See</u> Am. Compl. at 2-3.  He claims that her new directive "is also supported and praeficed [sic] by all the minuend [sic] named defendants so named."  Am. Compl. (Court's doc. 9) at 3.  Ellenburg also invokes certain provisions of state law.  <u>See</u> Am. Compl. at 4-5.  For his

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

relief, he requests "immediate treatment for hepatitis C" as well as damages and costs.  Id. at 7-8.

**B. Summary Judgment Standards**

A party is entitled to summary judgment if that party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Where the moving party has met its initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial."  Anderson, 477 U.S. at 248.  The non-moving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions.  Id.  Only disputes

over facts that might affect the outcome of the suit under the governing law are "material" and will properly preclude entry of summary judgment.  <u>Anderson</u>, 477 U.S. at 248.

At the summary judgment stage, the judge's function is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue for trial.  However, if the evidence is merely colorable or is not significantly probative, summary judgment may be granted.  <u>Id</u>. at 249-50.

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party].  The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

<u>Id</u>. at 252.

In civil rights cases and in the context of a motion for summary judgment where a litigant is proceeding pro se, the court has an obligation to construe the pleadings liberally and to afford the pro se litigant the benefit of any doubt.  <u>Baker v. McNeil Island Corrections Ctr.</u>, 859 F.2d 124, 127 (9th Cir. 1988).

**C. Analysis**

The Eighth Amendment requires that prisoners receive adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). Prisoners must also be protected from serious risks to their health.  <u>See, e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994); <u>Helling v. McKinney</u>, 509 U.S. 25, 33-34 (1993); <u>Wallis v. Baldwin</u>,

70 F.3d 1074, 1076-77 (9th Cir. 1995).

However, mere disagreement between a prisoner-patient and prison medical personnel over the need for or course of medical treatment is not a sufficient basis for an Eighth Amendment violation. <u>Franklin v. State of Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981); <u>see also</u> <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989) (difference of medical opinions). The plaintiff must show that each defendant acted with "deliberate indifference" to his serious medical needs.

To show a violation of the Eighth Amendment where a prisoner requests a different treatment than is provided by a prison official, the prisoner "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances, and ... that they chose this course in conscious disregard of an excessive risk to plaintiff's health." <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Here, Dr. Rantz avers that Ellenburg's history of hypertension, chronic obstructive pulmonary disease, asthma, and hyperlipidemia, as well as instances of noncompliance with medical treatment for other conditions, made him a poor candidate for drug therapy using peg interferon and ribavirin. <u>See</u> Rantz Aff. (Court's doc. 38-1) ¶ 5; <u>id</u>. ¶¶ 9-10; <u>id</u>. Ex. A (Court's doc. 38-2 at 2) (referring to "serious side effects" associated with drug therapy and lack of proven long-term efficacy). Moreover, the

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

level of alanine amino transferase ("ALT") in Ellenburg's blood was regularly monitored, and it never exceeded the normal range, which means that Defendants had no evidence that a persistent infection was causing his liver to deteriorate.  Rantz Aff. ¶ 5; id. ¶ 9. Ellenburg also received vaccinations for hepatitis A and B.  Id. ¶ 5.

This evidence is sufficient to support the Defendants' initial burden to show that there are no disputed issues of material fact and that they are entitled to summary judgment as a matter of law. Defendants show that they have not been deliberately indifferent to Ellenburg's hepatitis C and that they have, in fact, monitored his condition closely to determine whether drug therapy is appropriate.

Additionally, because Ellenburg failed to timely respond to Rantz's and Ramakrishna's discovery requests, he has admitted that he was provided appropriate treatment for all of his medical conditions and that he did not experience symptoms relating to his hepatitis C infection while he was under their care in prison.  See Fed. R. Civ. P. 36(a); Defs.' Statement of Uncontroverted Facts (Court's doc. 38-1) at ¶¶ 9-10; id. Ex. B at 1 (Court's doc. 38-2 at 11) (informing Ellenburg, in bold type, that "Request[s] for Admission not answered within 30 days are deemed admitted."); id. at 14 (Requests for Admission Nos. 1, 2); see also Pl.'s Object[ion] to Summary Judgment (Court's doc. 40 at 3, 6).

In his response to the motion, Ellenburg claims only that

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10

Defendants are mandated by law to treat him because hepatitis C is a sexually transmitted disease.  Pl.'s Objection at 1.  However, federal law does not mandate such treatment unless the Eighth Amendment does, and the Eighth Amendment demands only adequate – not optimal – medical care.[2]

To the extent Ellenburg asserts that various provisions of state law entitle him to treatment, violations of state law or policy, even violations of the Montana Constitution, cannot form a basis for liability under 42 U.S.C. § 1983.  That statute addresses only deprivations of federal rights.  See, e.g., Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir. 2001); Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996).  Ellenburg's claims under state law would, so far as the Court is aware, present issues of first impression to the Montana Supreme Court.[3]  This Court should decline to exercise its supplemental jurisdiction to decide those issues.  See 28 U.S.C. § 1367(c)(1), (d).

---

[2] Ellenburg has not made a showing that drug therapy would be the optimal treatment for his condition.

[3] The Court is aware that the Montana Supreme Court declined to order the Montana Department of Corrections to provide drug therapy to inmates who have the hepatitis C antibody.  However, that order – which the Court believes to have been entered in an original proceeding, where the Montana Supreme Court lacked a developed record – is no longer publicly available.  Montlaw, from which the Court formerly obtained many Montana Supreme Court orders not available on Westlaw or Lexis, was sold to Lexis. Unfortunately, Lexis has not seen fit to incorporate all of Montlaw's databases.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 11

**V. Ellenburg's Failure to Respond to Order to Show Cause**

On February 8, 2006, Ellenburg was ordered to "show cause in writing why he should not be required to pay the Defendants the reasonable expenses they incurred in making their motion." Order (Court's doc. 32) at 7. He failed to respond. Accordingly, he will be ordered to pay Defendants' costs.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Defendants' motion for sanctions (Court's doc. 35) is GRANTED.

2. Plaintiff's motion for counsel (Court's doc. 39) is DENIED.

3. On or before **September 29, 2006,** defense counsel shall file an invoice of costs incurred in filing the motion to compel (Court's doc. 30), including reasonable attorney's fees and any copying, postage, or telephone expenses incurred both in requesting Ellenburg's response to the discovery requests and in filing the motion to compel. The invoice must be accompanied by a sworn affidavit from counsel.

The Court also enters the following:

**RECOMMENDATION**

1. Defendant Jones should be DISMISSED for Ellenburg's failure timely to provide an address where he might be served;

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 12

2.  The motion of Defendants Rantz and Ramakrishna for summary judgment (Court's doc. 37) should be GRANTED.  Judgment should be entered by separate document in favor of Defendants Rantz and Ramakrishna and against Plaintiff Ellenburg.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[4] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately notify the Court and counsel for the Defendants of any change of address.  Failure to do so may result in dismissal of this case without further notice.

DATED this <u>14th</u> day of September, 2006.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[4]  In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in <u>Houston v. Lack</u>, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 13