FILED
MISSOULA, MT

2006 OCT 13 PM 12 35

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MICHAEL ELLENBURG, | ) | CV 04-01-H-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| DR. JONES, DR. RANTZ, and DR. RAMAKRISHNA, | ) ) | |
| | ) | |
| Defendants. | ) | |

### I.  Introduction and Background

United States Magistrate Judge Carolyn S. Ostby entered Findings and Recommendation in this matter on September 14, 2006. Plaintiff Ellenburg timely objected and so is entitled to de novo review of the record. 28 U.S.C. § 636(b)(1). Judge Ostby recommended dismissing Defendant Jones for Ellenburg's failure to serve Jones and granting the motion for summary judgment by Defendants Rantz and Ramakrishna. The Court agrees with Judge Ostby's conclusions.

Ellenburg is a state prisoner proceeding *in forma pauperis*

and *pro se*. The case is a civil rights action under 42 U.S.C. § 1983. The Parties are familiar with the facts so they will be restated only as necessary.

## II. Analysis

### A. Summary Judgment

A party moving for summary judgment is entitled to such if the party can demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). On a motion for summary judgment, this Court must determine whether a fair-minded jury could return a verdict for the nonmoving party. *Id.* at 252.

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the moving party has met his initial burden with a properly supported motion, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine

issue for trial." *Anderson*, at 248. The nonmoving party may do this by use of affidavits (including his own), depositions, answers to interrogatories, and admissions. *Id.*

In evaluating the appropriateness of summary judgment the Court must first determine whether a fact is material; and if so, it must then determine whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the Court.

As to materiality, the applicable substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes which are irrelevant or unnecessary to the outcome are not considered. *Anderson*, at 248.

If a fact is found to be material, summary judgment will not lie if the dispute about that fact is genuine. In other words, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, then summary judgment should not be granted. *Id.* In essence, the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. *Id.* at 251-252. Though the *Anderson* Court stated that at the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial, it also stated that if the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted. *Id.* at 249-50.

### B. Medical Care Rights Under the Constitution

The Eighth Amendment guarantees prisoners' rights to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). This includes protecting prisoners from serious risks to their health. *Helling v. McKinney*, 509 U.S. 25, 33-34 (1993). However, a prisoner's Eighth Amendment rights are not violated simply due to a disagreement over the course of medical treatment between prisoners and prison medical officials. To succeed in a cause of action, a prisoner must show that the defendant acted with deliberate indifference to a prisoner's medical needs. *Franklin v. State of Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Indeed, a prisoner must show 1) that he was confined under conditions posing a risk of objectively sufficiently serious harm and 2) that the officials had a sufficiently culpable state of mind when denying proper medical care. *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). As the Ninth Circuit has noted, "[a] defendant is liable for denying medical care only if he knows of and disregards an excessive risk to inmate health and safety." The officials must be aware of both the facts supporting the risk as well as the inference that harm exists. *Id.*

Medical personnel may be liable for neglect either through action or inaction where the personnel are aware of substantial

risk of serious harm to a prisoner. *Id.* Finally, prison officials are also "deliberately indifferent" when they either deny or interfere with medical treatment of prisoners with serious medical needs. *Id.*

### C. Ellenburg's Case

As Judge Ostby found, Defendants Rantz and Ramakrishna exercised proper judgment and are entitled to summary judgment in this matter.

There is no evidence before the Court that shows that Defendants' medical care of Ellenburg provides him a basis for his claims. The undisputed evidence demonstrates that Defendants did not act with deliberate indifference and have not wrongly denied Ellenburg treatment for Hepatitis C. Indeed, Ellenburg's medical history shows that there is no evidence of symptoms related to the disease and it also shows that he is a poor candidate for the drug treatment he seeks. Nor does Ellenburg set forth a compelling argument in his objections. Consequently, Defendants are entitled to summary judgment.[1]

### D. The Failure to Serve Defendant Jones

The Court adopts Judge Ostby's advice and finds that since Ellenburg failed to provide sufficient information to serve Defendant Jones he should be dismissed. Pursuant to Federal Rule of Civil Procedure 4(m), Jones is dismissed because he was not

---

[1] The Court will not exercise supplemental jurisdiction and address a federal section 1983 claim brought under the guise of a violation of state law.

served within 120 and Ellenburg failed to comply with the Court's Order to provide an address for service.

### III. Conclusion

Accordingly based on the foregoing, IT IS HEREBY ORDERED that Judge Ostby's Findings and Recommendations (dkt #42) are adopted in full: Defendants' motion for summary judgment (dkt #37) is GRANTED and Defendant Jones is DISMISSED;

IT IS FURTHER ORDERED that the clerk shall enter Judgment on behalf of Defendants Rantz and Ramakrishna against Plaintiff Ellenburg; and

IT IS FURTHER ORDERED that the case is reassigned back to Judge Ostby to allow the determination of costs.

DATED this 13 day of October, 2006.

Donald W. Molloy, Chief Judge
United States District Court